

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS
August 18, 1949

PRICE DANIEL
ATTORNEY GENERAL

Affirmed by
Brenham Production Credit
Assn. v. Zeiss
Tex. Sup. Ct.
264 SW 2d 95

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-886

Re: The liability of production
credit corporations for the
payment of ad valorem tax.

Dear Mr. Calvert:

You request the opinion of this office upon the question presented in your letter of August 3, 1949, which is as follows:

"This Department has received an inquiry from the Tax Assessor-Collector of Zavala County, Texas for instructions as to whether the 'Winter Garden Production Credit Association' Co-op Bank is subject to the ad valorem tax in that county. Before advising the tax collector, this Department desires your opinion on the following question:

"Is a production credit corporation or association subject to ad valorem tax?

"These associations have never rendered their stocks for taxes as have other banks. Originally the government through the Intermediate Credit Bank of Houston furnished the entire capital structure for these production credit associations, but at present most of these credit production associations have paid off all government indebtedness for the original capital stock and are now owned 100% by their members."

The answer to your question is found in Section 1138c, U.S.C.A., which is as follows:

"The Central Bank for Cooperatives, and the Production Credit Corporations, Production Credit Associations, and Banks for Cooperatives, organized under this chapter, and their obligations, shall be deemed to be instrumentalities of the United States, and as such, any and all notes, debentures, bonds, and other such

obligations issued by such banks, associations, or corporations shall be exempt both as to principal and interest from all taxation (except surtaxes, estate, inheritance, and gift taxes) now or hereafter imposed by the United States or by any State, Territorial, or local taxing authority. Such banks, associations, and corporations, their property, their franchises, capital, reserves, surplus, and other funds, and their income shall be exempt from all taxation now or hereafter imposed by the United States or by any State, Territorial, or local taxing authority; except that any real property and any tangible personal property of such banks, associations, and corporations shall be subject to Federal, State, Territorial, and local taxation to the same extent as other similar property is taxed. The exemption provided herein shall not apply with respect to any Production Credit Association or its property or income after the stock held in it by the Production Credit Corporation has been retired, or with respect to the Central Bank for Cooperatives, or any Production Credit Corporation or Bank for Cooperatives or its property or income after the stock held in it by the United States has been retired, June 16, 1933, c. 98, Sec. 63, 48 Stat. 267.''

You state, ''but at present most of these credit production associations have paid off all government indebtedness for the original capital stock and are now owned 100% by their members.'' As to such corporations the limited exemption provided in the foregoing Federal statute ceases to be applicable under the express terms of the statute. However, where this condition does not obtain, the limited exemption provided in the statute is applicable but applies only to intangible personal property such as notes, debentures, bonds and other such obligations issued by such banks, associations or corporations, both as to principal and interest.

It is further observed that the statute provides that ''any real property and any tangible personal property of such banks, associations, and corporations shall be subject to . . . State . . . and local taxation to the same extent as other similar property is taxed''; thus subjecting real property and tangible personal property to ad valorem taxation at all times.

In brief, after the stock held by the Production Credit Corporation or the United States has been retired, the intangible personal property theretofore exempt, such as notes, debentures, bonds,

and other such obligations issued by such banks, associations or corporations, both as to principal and interest, are subject to ad valorem taxes to the same extent as the property of any other corporation in this State. But even before this has occurred, the real estate and tangible personal property of such corporations are subject to ad valorem taxes as other property of corporations is taxed under the laws of this State, and only intangible personal property, such as notes, debentures, bonds and other such obligations issued by such banks, associations or corporations, both as to principal and interest, is exempt.

## SUMMARY

The real estate and tangible personal property of Production Credit Corporations are subject to ad valorem taxation, but intangible personal property, such as notes, debentures, bonds and other such obligations issued by such banks, associations or corporations, both as to principal and interest, is exempt so long as there is outstanding any of the stock of such corporations owned by the Production Credit Corporation or the United States. When this stock is retired, however, such intangible personal property as herein enumerated becomes subject to ad valorem taxation to the same extent as is applicable to other corporations and their property under the laws of this State.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By L. P. Lollar
L. P. Lollar
Assistant

LPL/mmb:b

APPROVED

ATTORNEY GENERAL